## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ANDREW JASON CHAPPELL,
*Defendant-Appellant.*

Lane County Circuit Court
200822013; A145593

299 P3d 604

Robin A. Jones, Senior Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services. Andrew Jason Chappell filed the supplemental brief *pro se*.

Douglas F. Zier, Senior Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction in which he was convicted of 46 crimes arising from multiple incidents. He raises six assignments of error—three through counsel and an additional three in a supplemental *pro se* brief. We write to address only defendant's first two assignments of error and reject without discussion the remaining four.

In his first assignment of error, defendant argues that the trial court erred in failing to merge the guilty verdicts on five counts (Counts 24, 26, 28, 30, and 32) of being a felon in possession of a firearm, ORS 166.270. The counts at issue stem from a single burglary in which defendant stole five separate firearms that were never recovered. Defendant contends that, because the five counts arose from a single criminal episode involving one victim, ORS 161.067(3) required the verdicts to merge. After defendant filed his opening brief, we decided *State v. Torres*, 249 Or App 571, 277 P3d 641, *rev den*, 352 Or 378 (2012), in which we held that ORS 161.067(3) requires merger of multiple convictions for being a felon in possession of a firearm, absent evidence of a sufficient pause in the criminal conduct to allow the defendant an opportunity to renounce the defendant's criminal intent. The state acknowledges that *Torres* supports defendant's position but argues that the case was wrongly decided. We adhere to our holding in *Torres* and conclude that, because the record in this case contains no evidence of a sufficient pause in defendant's criminal conduct, the trial court erred in failing to merge defendant's guilty verdicts for being a felon in possession of a firearm stemming from the single burglary. *See State v. Huffman*, 234 Or App 177, 187, 227 P3d 1206 (2010) (multiple convictions for first-degree theft arising from a single incident must merge absent evidence of pause in criminal conduct).

In his second assignment of error, defendant contends that the trial court erred in denying his motion for a judgment of acquittal on one count (Count 18) of first-degree theft. The state concedes that the trial court incorrectly entered a conviction of first-degree theft and instead should

have entered a conviction for second-degree theft. We agree and accept the state's concession.

Convictions on Counts 24, 26, 28, 30, and 32 reversed with instructions to enter a judgment of conviction for one count of being a felon in possession of a firearm; conviction on Count 18 reversed with instructions to enter a judgment of conviction for one count of second-degree theft; remanded for resentencing; otherwise affirmed.