## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ANDREW JASON CHAPPELL,
*Defendant-Appellant.*

Lane County Circuit Court
200822013; A155907

401 P3d 242

Peter Gartlan, Chief Defender, and Robin A. Jones, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and Garrett, Judge, and Duncan, Judge pro tempore.

## PER CURIAM

Defendant appeals the trial court's judgment resentencing him following our decision in *State v. Chappell*, 256 Or App 123, 299 P3d 604, *rev den*, 354 Or 342 (2013). As relevant to the issues on appeal, defendant was charged with multiple thefts related to two burglaries, one of a residence belonging to R and C Marshall and another of a residence belonging to J and M Chappell. For each burglary, the state charged defendant with separate counts of theft for taking or selling specific pieces of property, as well as a count of theft based on the total value of the property stolen in the burglary. On appeal, defendant asserts that, for each burglary, the trial court erred by failing to merge the guilty verdicts on the theft counts based on the thefts of specific pieces of property into the guilty verdict on the theft count based on the total value of the property stolen. The state concedes that the court erred, we agree and, therefore, reverse and remand for resentencing.[1]

In connection with the Marshall burglary, defendant was charged with first-degree theft, ORS 164.055, for theft of a firearm belonging to R (Count 3), selling jewelry belonging to C (Count 6), and selling a camera and recorder belonging to both R and C (Count 7). He was also charged with aggravated first-degree theft, ORS 164.057, for theft of property—including the property identified in Counts 3, 6, and 7—belonging to R and C and having a total value of $10,000 or more (Count 5). As the state acknowledges, Counts 3, 6, and 7 "were subsumed by" Count 5. Therefore, the guilty verdicts on Counts 3, 6, and 7 should have been merged into the guilty verdict on Count 5. *See State v. Fujimoto*, 266 Or App 353, 358-59, 338 P3d 180 (2014) (guilty verdicts on first-degree theft counts merged into guilty verdict on organized retail theft count, which was based on the same thefts). The court could not impose separate convictions for individual thefts that had been aggregated to support an additional, greater theft conviction.

---

[1] Defendant also argues that the trial court plainly erred by imposing court-appointed attorney fees. Because we remand for resentencing, we do not address defendant's assignment of error regarding the trial court's imposition of attorney fees.

Similarly, in connection with the Chappell burglary, defendant was charged with five counts of first-degree theft, each based on theft of a separate firearm belonging to J (Counts 23, 25, 27, 29, and 31), and he was also charged with an additional count of first-degree theft for theft of property—including the firearms identified in Counts 23, 25, 27, 29, and 31—belonging to J and M of a total value of $750 or more (Count 33). Because the thefts of the firearms were subsumed into the theft based on the total value of the property, the guilty verdicts on Counts 23, 25, 27, 29, and 31 should have been merged into the guilty verdict on Count 33.

Convictions on Counts 3, 5, 6, and 7 reversed and remanded for entry of judgment of conviction on Count 5 for one count of aggravated first-degree theft; convictions on Counts 23, 25, 27, 29, 31, and 33 reversed and remanded for entry of judgment of conviction on Count 33 for one count of first-degree theft; remanded for resentencing; otherwise affirmed.