Argued and submitted May 22, 2018, affirmed December 4, 2019, petition for review denied March 26, 2020 (366 Or 259)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LARAY LARONE WHITE,
*Defendant-Appellant.*

Clackamas County Circuit Court
15CR57216; A163155

455 P3d 969

Defendant appeals a judgment convicting him of nine offenses, six of which are at issue on appeal. Defendant argues that the trial court plainly erred by failing to merge his guilty verdicts for compelling prostitution, promoting prostitution, and trafficking in persons into a single conviction and by failing to merge his guilty verdicts for unauthorized use of a vehicle, theft in the second degree, and robbery in the third degree into a single conviction. The state contends that the court did not err under the merger statute and, alternatively, that any potential error is not plain. *Held*: The trial court did not err. It is not beyond dispute that the court was required to merge defendant's guilty verdicts as he contends; accordingly, any error by the court was not plain error.

Affirmed.

Jeffrey S. Jones, Judge.

George W. Kelly argued the cause and filed the brief for appellant.

Greg Rios, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeHoog, Presiding Judge, and Aoyagi, Judge, and Hadlock, Judge pro tempore.

DEHOOG, P. J.

Affirmed.

**DEHOOG, J.**

Defendant appeals a judgment convicting him of nine offenses. Six of those convictions are at issue on appeal: Count 1 (compelling prostitution, ORS 167.017(1)(a)); Count 2 (promoting prostitution, ORS 167.012(1)(b)); Count 3 (trafficking in persons, ORS 163.266(1)(b)); Count 4 (unauthorized use of a vehicle, ORS 164.135 (2015), *amended by* Or Laws 2019, ch 530, § 1[1]); Count 8 (third-degree robbery, ORS 164.395(1)(a)); and Count 9 (second-degree theft, ORS 164.045(1)(b)). Defendant raises two assignments of error. In his second assignment of error, defendant contends that the trial court committed plain error by failing to merge (1) the jury's verdicts of guilty on Counts 1, 2, and 3 into a single conviction; and (2) the jury's guilty verdicts on Counts 4, 8, and 9 into a single conviction. The state contends that merger is not appropriate, because each of the counts on which defendant was convicted required proof of an element that the others did not. In the alternative, the state responds that neither error asserted under this assignment is sufficiently obvious from the record so as to be plain. For the reasons that follow, we conclude that, to the extent that the trial court may have committed error with respect to defendant's merger arguments, any such error is not sufficiently obvious so as to constitute plain error. Accordingly, we reject defendant's second assignment of error and affirm.[2]

We review a trial court's merger rulings for legal error. *State v. Dearmitt*, 299 Or App 22, 24, 448 P3d 1163 (2019). We state the facts underlying those rulings in the "light most favorable to the state; that is, in the light most

---

[1] The changes to ORS 164.135 do not become effective until January 1, 2020. Accordingly, they have no bearing on this case. All references to ORS 164.135 in this opinion are to the 2015 version of that statute.

[2] In his first assignment of error, defendant contends that the trial court erred in denying his motion for judgment of acquittal on Counts 1, 2, and 3. Although defendant argued to the trial court that the evidence was not sufficient to support verdicts of guilty as to those counts, his argument on appeal that online "posting" of escort services does not, as a matter of law, constitute an act of prostitution is wholly different from the argument presented to the trial court. Thus, we conclude that defendant did not preserve the argument he advances on appeal. Moreover, defendant does not seek plain error review as to his first assignment of error. Accordingly, we reject it without further discussion.

favorable to the trial court's conclusion that merger was not required." *Id*.

Defendant and the victim, who at the time was defendant's girlfriend, began their relationship in 2011, when they lived in the Portland area. During that relationship, the two also lived together in Sacramento, California, where at least one instance of domestic violence occurred. Defendant was the father of the victim's youngest child. Over the course of their relationship, the victim would, at times, use an online forum, backpage.com, to "post" her availability for escort services. Shortly before the events in this case, the couple lived in Sacramento. Wanting to return home and be near family, because defendant had been abusive and had "pimped her out," the victim drove to Portland with her children, leaving defendant behind. Defendant, however, eventually joined the victim in Portland after demanding that she purchase an airline ticket for him. The day after his arrival, defendant told the victim that they were going to drive the children to a family member's house so that the victim could post her availability online. As the two were returning to their motel after having dropped the children off, defendant noticed that the victim was not using her cellphone to post her availability, as defendant expected her to do. Defendant reacted by grabbing the victim by the hair and telling her to "fucking post, bitch." In response, the victim posted an advertisement for "dates" on backpage.com. Later the same day, a man who had responded to the victim's listing showed up at the couple's motel room as he had arranged with the victim. However, when he arrived the victim told him that she no longer wanted to go through with the date, because she was being forced to do it. The man did not press the issue and, upon leaving sometime later, gave the victim $100. After the man had gone, defendant re-entered the couple's motel room and angrily confronted the victim about how long the "date" had taken. He put his hand around the victim's throat and squeezed for about four seconds, only stopping when she pointed to the $100 that the man had left on a table. Defendant took the money; he also took the victim's car keys and an additional $500 that he found in her purse, neither of which the victim had said he could take. After defendant drove off in the victim's car,

she contacted the police. A jury subsequently found defendant guilty of all of the charges arising from those events, including the six at issue on appeal (compelling prostitution, promoting prostitution, trafficking in persons, unauthorized use of a vehicle, robbery in the third degree, and theft in the second degree). The trial court then entered separate convictions on all nine counts, and imposed a separate sentence on each conviction.

We proceed with defendant's argument that the trial court plainly erred in not merging six of the nine counts in various ways. Generally, "[n]o matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court." ORAP 5.45(1). That being said, we may exercise our discretion to review an unpreserved error, so long as it is a plain error. *Id.* "To qualify as plain error, an asserted error must be (1) one of law; (2) it must be apparent, *i.e.*, the point must be obvious, not reasonably in dispute; and (3) it must appear on the face of the record[.]" *State v. Serrano*, 355 Or 172, 179, 324 P3d 1274 (2014) (internal quotation marks omitted). An error is apparent on the face of the record if we do "not need to go outside the record to identify the error or choose between competing inferences, and the facts constituting the error [are] irrefutable." *Id.* (internal quotation marks omitted). With those standards in mind, we turn to defendant's contention that the trial court plainly erred.

Merger is governed by ORS 161.067, which requires that a court merge multiple guilty verdicts that arise out of the same conduct or criminal episode, except under certain circumstances. *State v. Gensitskiy*, 365 Or 263, 281, 446 P3d 26 (2019). ORS 161.067 effectively creates a presumption that multiple statutory violations based on the same conduct or criminal episode will result in only one conviction; it establishes, however, certain circumstances that bar merger, and if they exist, the sentencing court must enter a separate conviction for each count on which the defendant has been found guilty. *Id.* at 281, 281 n 5. As relevant here, when the criminal conduct or episode in question violates two or more statutory provisions, ORS 161.067(1) limits a court's authority to merge counts. *Id.* at 265-66. Specifically, ORS 161.067(1) provides:

> "When the same conduct or criminal episode violates two or more statutory provisions *and each provision requires proof of an element that the others do not*, there are as many separately punishable offenses as there are separate statutory violations."

(Emphasis added.)

Thus, in determining whether to merge verdicts resulting from the violation of multiple statutory provisions, a court must compare the material elements that the state was required to prove as to each charge. In making that comparison, we typically consider only the statutory elements of each offense, not "the underlying factual circumstances recited in the indictment." *State v. Fujimoto*, 266 Or App 353, 357, 338 P3d 180 (2014). "However, when a statute contains alternative forms a of single crime, we use the elements of the charged version in the merger analysis." *Id.* (internal quotation marks omitted).

We apply those standards in considering defendant's argument that the trial court plainly erred when it did not merge the jury's guilty verdicts as to certain of his charges. We quickly dispose of two aspects of that argument. First, we conclude, for reasons that do not require further discussion, that the trial court did not plainly err by entering separate convictions based upon the jury's guilty verdicts on Counts 4, 8, and 9.[3] Second, we conclude that the court did not commit

---

[3] As noted, Count 4 of the indictment charged defendant with unauthorized use of a vehicle, ORS 164.135, Count 8 charged third-degree robbery, ORS 164.395(1)(a), and Count 9 charged second-degree theft, ORS 164.045(1)(b).

ORS 164.135 provides, in relevant part, as follows:

"(1) A person commits the crime of unauthorized use of a vehicle when:

"(a) The person takes, operates, exercises control over, rides in or otherwise uses another's vehicle, boat or aircraft without consent of the owner[.]"

ORS 164.395 provides, in relevant part:

"(1) A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft or unauthorized use of a vehicle as defined in ORS 164.135 the person uses or threatens the immediate use of physical force upon another person with the intent of:

"(a) Preventing or overcoming resistance to the taking of the property or to retention thereof immediately after the taking; or

"(b) Compelling the owner of such property or another person to deliver the property or to engage in other conduct which might aid in the commission of the theft or unauthorized use of a vehicle."

plain error in not merging Count 1 (compelling prostitution) and Count 3 (trafficking in persons). As to those counts, it is not obvious that, under ORS 161.067(1), separate convictions are not appropriate when a person engages in conduct that constitutes both compelling prostitution and trafficking in persons. Defendant contends that it is obvious that conduct constituting trafficking in persons under the statutory theory advanced in his case—requiring proof of knowledge or reckless disregard of the fact that force, fraud, or coercion would be used to cause another to engage in a commercial sex act (meaning sexual conduct or contact for consideration)—necessarily encompasses every element of compelling prostitution. We disagree. It is not beyond dispute that ORS 167.017(1)(a)[4] (compelling prostitution) does not require proof of an element not encompassed by ORS 163.266(1)(b)[5] (trafficking in persons), specifically, a completed act of compulsion. Furthermore, defendant does not contend that every element of trafficking, as charged, is encompassed by compelling. Thus, it is not obvious that those two counts do not involve multiple statutory violations under which "each provision requires proof of an element that the other[] do[es] not," ORS 161.067(1), and any error in not merging the jury's verdicts as to those counts is therefore not plain.

---

Finally, ORS 164.045 provides:

"(1) A person commits the crime of theft in the second degree if:

"(a) By means other than extortion, the person commits theft as defined in ORS 164.015; and

"(b) The total value of the property in a single or aggregate transaction is $100 or more and less than $1,000."

[4] ORS 167.017 provides, in part:

"(1) A person commits the crime of compelling prostitution if the person knowingly:

"(a) Uses force or intimidation to compel another to engage in prostitution or attempted prostitution[.]"

[5] ORS 163.266 provides, in part:

"(1) A person commits the crime of trafficking in persons if the person knowingly recruits, entices, harbors, transports, provides or obtains by any means, or attempts to recruit, entice, harbor, transport, provide or obtain by any means, another person and:

"* * * * *

"(b) The person knows or recklessly disregards the fact that force, fraud or coercion will be used to cause the other person to engage in a commercial sex act[.]"

        With those arguments summarily addressed, we turn to discuss at somewhat greater length defendant's remaining argument, which is that the trial court plainly erred in failing to merge the jury's guilty verdicts on Count 1 (compelling prostitution) and Count 2 (promoting prostitution). According to defendant, he cannot be separately convicted on each of those two counts because his conviction for compelling prostitution, ORS 167.017(1)(a), encompasses every element of his charge for promoting prostitution, ORS 167.012(1)(b), and, therefore, only one conviction is permitted. Again, the applicable standard is whether each statutory provision "requires proof of an element that the other[] do[es] not." ORS 161.067(1). Although the statutory provisions at issue here provide alternative theories of prosecution, our analysis is limited to those alternatives relied on in the indictment. *Fujimoto*, 266 Or App at 357. Here, the state prosecuted defendant for compelling prostitution under ORS 167.017(1)(a), which requires proof that the person knowingly used force or intimidation to compel another to engage in prostitution or attempted prostitution. Defendant's charge for promoting prostitution was, in turn, prosecuted under ORS 167.012(1)(b), which requires proof that the person, "with intent to promote prostitution," knowingly induced or caused another person to engage in prostitution or to remain in a place of prostitution.

        Thus, as charged, the question reduces to whether one who knowingly uses force or intimidation to compel another to engage in prostitution necessarily also, and "with intent to promote prostitution," knowingly induces or causes a person to engage in prostitution. There appears to be little question that one who "compels" another to do something necessarily "induces or causes" that same thing. What is less clear is whether knowingly compelling prostitution encompasses the intent-to-promote-prostitution aspect of promoting prostitution under ORS 167.012(1)(b). Although, on its face, the compelling prostitution statute does not require proof of "the intent to promote prostitution," our case law provides a plausible argument that the "intent to promote prostitution" provision of ORS 167.012(1)(b) is subsumed by proof that a person compelled prostitution under ORS

167.017(1)(a), and so cannot be construed to require proof of an element that ORS 167.017(1)(a) does not.

Specifically, in *State v. Vargas-Torres*, 237 Or App 619, 625, 242 P3d 619 (2010), we observed that "[a]ccording to the commentary [to the criminal code], compelling prostitution is an aggravated form of promoting prostitution."[6] That characterization arguably suggests that, at least as to the statutory subsections at issue here, the legislature did not intend its reference to "intent to promote prostitution" in ORS 167.012(1)(b) to require proof of something that a charge of compelling prostitution did not. Notwithstanding our decision in *Vargas-Torres*, however, we cannot conclude that it is obvious that the jury's guilty verdict on defendant's promoting prostitution charge must merge with its verdict on his charge for compelling prostitution. In *Vargas-Torres*, we did not have occasion to directly grapple with the "intent to promote prostitution" provision of ORS 167.012(1)(b). We cannot say that, were we to construe that provision in a case in which the question of its meaning had been properly preserved and meaningfully briefed by the parties, we would necessarily conclude that it did not establish an element not encompassed by the elements of the compelling prostitution statute. As a result, neither our discussion in *Vargas-Torres*, nor anything else brought to our attention by defendant in the course of seeking to establish plain error, persuades us that it is beyond reasonable dispute that the trial court was required to merge the jury's guilty verdicts as to Counts 1 and 2.

Affirmed.

---

[6] That commentary states that compelling prostitution "particularizes three forms of promoting prostitution considered aggravating factors serving to increase the seriousness of the offense." Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report § 252, 242 (July 1970).