Submitted July 30, 2018; convictions on Counts 1 and 2 reversed and remanded for entry of judgment of conviction for one count of application of a Schedule I controlled substance to the body of another person under the age of 18, remanded for resentencing, otherwise affirmed December 4, 2019

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## VINCENT EDWARD OLDHAM,
*Defendant-Appellant.*

Lane County Circuit Court
16CR30179; A163535

455 P3d 975

Defendant appeals a judgment of conviction entered upon his pleas of guilty to unlawful delivery of a controlled substance to a minor and application of a controlled substance to the body of another person under 18 years of age. Defendant argues that the trial court erred by failing to merge the guilty findings on those charges into a single conviction because each element of the delivery charge is subsumed by those necessary to prove the application charge. The state contends that the acts of delivering and applying a controlled substance are mutually exclusive and, therefore, merger is precluded. *Held*: The trial court erred. Merger was required because proof that defendant was guilty of the application charge necessarily proved that he was guilty of the delivery charge.

Convictions on Counts 1 and 2 reversed and remanded for entry of judgment of conviction for one count of application of a Schedule I controlled substance to the body of another person under the age of 18; remanded for resentencing; otherwise affirmed.

Jay A. McAlpin, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sara F. Werboff, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jacob Brown, Assistant Attorney General, filed the brief for respondent.

Before DeHoog, Presiding Judge, and DeVore, Judge, and Aoyagi, Judge.

DEHOOG, P. J.

Convictions on Counts 1 and 2 reversed and remanded for entry of judgment of conviction for one count of application of a Schedule I controlled substance to the body of another person under the age of 18; remanded for resentencing; otherwise affirmed.

**DEHOOG, P. J.**

Defendant appeals a judgment of conviction entered upon his pleas of guilty to unlawful delivery of a Schedule I controlled substance to a minor, ORS 475.906 (Count 1), and application of a Schedule I controlled substance to the body of another person under the age of 18, ORS 475.910[1] (Count 2). In his first assignment of error, defendant argues that the trial court erred by failing to merge its guilty findings for Counts 1 and 2 as required by ORS 161.067(1). Defendant argues that merger is required because all of the elements necessary to prove the delivery charge are subsumed by those necessary to prove the application charge. The state contends that the guilty findings cannot merge, because the relevant statutory scheme demonstrates that the act of delivering a controlled substance cannot, as defined, be established by proof of applying a controlled substance to the body of another. We agree with defendant that the trial court was required to merge the guilty findings on Counts 1 and 2 into a single conviction. Accordingly, we reverse and remand for resentencing.[2]

"We review the sentencing court's determination of whether to merge verdicts for errors of law." *State v. Ham*, 300 Or App 304, 306, 453 P3d 927 (2019). "Furthermore, we state the facts underlying that ruling in the light most favorable to the state; that is, in the light most favorable to the trial court's conclusion that merger was not required." *State v. Dearmitt*, 299 Or App 22, 24, 448 P3d 1163 (2019).

The charges at issue arose from a single interaction between defendant and a 17-year-old victim. The state provided a concise description of their interaction during defendant's sentencing hearing:

"What happened was [the victim] had some meth, and she asked the defendant to shoot her up. He supplied the

---

[1] ORS 475.910 has been amended since defendant violated that statute. However, because those amendments do not affect our analysis, we refer to the current version of the statute in this opinion.

[2] Defendant also pleaded guilty to failure to report as a sex offender—*former* ORS 181.812(3)(b), *renumbered as* ORS 163A.040 (2015)—and he assigns error to the trial court's imposition of sentence on that offense. However, because we reverse on defendant's first assignment of error and remand the entire case for resentencing, we need not address defendant's second assignment of error.

needle. He suppled the rig to cut off the circulation to her arm. He used a *** paintbrush and a piece of rope, something like that.

"He also used a needle that was inappropriate for the task. It was a larger needle gauge than most of the surgical needles that are used to inject methamphetamine. Partly due to that and partly for other reasons that's not clear, when he tried to inject her, it didn't work. He missed."

Based on that incident, defendant was arrested and later indicted on the two counts relevant here: Count 1, unlawful delivery of a controlled substance to a minor; and Count 2, application of a controlled substance to the body of another person under the age of 18. Defendant pleaded guilty to both counts.

Before sentencing, defendant submitted a memorandum to the court arguing that the trial court was required to merge its guilty findings under Counts 1 and 2 and enter a single conviction; defendant also sought a downward dispositional departure to probation, with the special condition that he enroll in a disability services program. At sentencing, the trial court did not expressly acknowledge defendant's merger argument. Ultimately, the trial court imposed separate, but concurrent, upward durational departure sentences on Counts 1 and 2. Defendant now appeals the resulting judgment.

In determining whether multiple violations of the law must merge, we look to the "anti-merger" statute, ORS 161.067, because, if the circumstances described in the statute "do not exist, then the conduct or criminal episode results in a single conviction." *State v. Gensitskiy*, 365 Or 263, 281, 281 n 5, 446 P3d 26 (2019). When guilty verdicts for two or more statutory provisions are at issue, ORS 161.067(1) controls.[3] *See, e.g.*, *State v. White*, 301 Or App 74, 77-78, 455 P3d 969 (2019). ORS 161.067(1) provides that "[w]hen the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations." In

_____

[3] Subsections (2) and (3) of ORS 161.067 concern multiple violations of a single statutory provision and are thus inapplicable here.

other words, guilty verdicts arising from "conduct in a criminal episode that violates two or more statutory provisions merge if all of the elements in one provision are subsumed into the elements of the other provision." *State v. Noe*, 242 Or App 530, 532, 256 P3d 166 (2011). Except when a statutory provision contains alternative forms of a single crime, our review is limited to the statutory elements of each offense when determining whether two provisions require proof of an element that the other does not. *See, e.g.*, *White*, 301 Or App at 78 (noting that we do not look to the "underlying factual circumstances recited in the indictment" and that we only consider the elements as charged when a statute contains alternative forms of a single crime (quoting *State v. Fujimoto*, 266 Or App 353, 357, 338 P3d 180 (2014))). Because there is no dispute that Counts 1 and 2 arose from the same conduct or criminal episode, our inquiry is limited to whether defendant's convictions for violations of two separate statutory provisions—ORS 475.906 and ORS 475.910—must merge under ORS 161.067(1).

We begin with an examination of the two statutory provisions that defendant violated: ORS 475.906 (Count 1) and ORS 475.910 (Count 2).

ORS 475.906 provides:

"Except as authorized by ORS 475.005 to 475.285 and 475.752 to 475.980, it is unlawful for any person to deliver a controlled substance to a person under 18 years of age. * * *"

ORS 475.910, in turn, provides:

"Except as authorized by ORS 475.005 to 475.285 or 475.752 to 475.980, it is unlawful for any person to intentionally apply a controlled substance to the body of another person by injection, inhalation, ingestion or any other means if the other person is under 18 years of age. * * *"

On appeal, the lone dispute between the parties is whether proof that defendant *applied* a controlled substance *to the body* of the victim subsumes proof that he *delivered* a controlled substance *to* the victim. The state does not contend that any other element of ORS 475.906 precludes merger of the delivery charge with defendant's application

charge. Defendant, in turn, does not dispute that, if proof of application does not subsume the element of delivery, his charges do not merge. We focus our review accordingly.

Although the term "apply" is not defined by the relevant statutes, "deliver" is defined by ORS 475.005. Under that provision, "'deliver' or 'delivery' means the actual, constructive or attempted transfer, *other than by administering* or dispensing, from one person to another of a controlled substance, whether or not there is an agency relationship." ORS 475.005(8) (emphasis added). Both parties focus on the exclusion of "administering" from the definition of "deliver" or "delivery."

The state argues that, because conduct constituting "applying" under ORS 475.910 is excluded from the definition of delivery found in ORS 475.005, neither element can subsume the other. We understand the premise of the state's argument to be that "apply *** to the body" under ORS 475.910 is synonymous with "administer," which, under ORS 475.005(2) is defined, in part, as a "direct application *** to the body." From that premise, the state reasons that, by excluding "administering" from the definition of "delivery" under ORS 475.906, the legislature necessarily excluded "apply *** to the body" from that definition as well. As a result, the state reasons, the two terms are mutually exclusive and proof of one—"application to the body"—cannot subsume proof of the other—"delivery." Stated differently, each of the two statutory provisions requires proof of an element that the other does not, and the resulting counts therefore do not merge. *See State v. Lachat*, 298 Or App 579, 594, 448 P3d 670 (2019) (merger is required when "one offense contains X elements, and another offense contains X + 1 elements" (internal quotation marks omitted)).

Defendant on the other hand, disputes that the exclusion of "administering" from the definition of delivery renders the acts of delivering and applying mutually exclusive. Rather than focusing exclusively on the phrase "direct application *** to the body" found in ORS 475.005(2), defendant emphasizes the complete definition of "administer" under that subsection, which, he contends, gives that term a narrower meaning than "apply *** to the body," as found

in ORS 475.910. Specifically, "administer" is defined by ORS 475.005(2) to mean

> "the direct application of a controlled substance, whether by injection, inhalation, ingestion or any other means, to the body of a patient or research subject by:
>
>> "(a)   *A practitioner or an authorized agent thereof*; or
>>
>> "(b)   The patient or research subject at the direction of the practitioner."

ORS 475.005(2) (emphasis added). Based on that definition, we understand defendant's argument to be that, despite overlapping terminology, "administering" is *not* synonymous with applying a controlled substance to the body of another, and so ORS 475.906 does not exclude conduct that violates ORS 475.910. Rather, defendant contends, ORS 475.906 excludes conduct constituting applying a controlled substance to the body of another *only* when it is engaged in by a practitioner or at a practitioner's direction, conduct that would not violate ORS 475.906 *or* ORS 475.910. *See* ORS 475.910 (rendering it unlawful to apply a controlled substance to the body of another person under 18 years of age "[e]xcept as authorized by ORS 475.005"). Thus, defendant argues, proof that he applied a controlled substance to the victim's body by injecting methamphetamine into her arm also proves that he delivered that substance in violation of ORS 475.906. Stated differently, his act of applying a controlled substance to her body was not barred from being prosecuted as unlawful delivery even though an act that constituted "administering" within the meaning of ORS 475.005(2) would be. That, defendant concludes, means that ORS 161.067(1) required the court to merge its findings of guilt on Counts 1 and 2 and enter a single conviction.

We conclude that the trial court erred in failing to merge its findings of guilt on Counts 1 and 2 into a single conviction. The two statutory provisions at issue in this case do not each require proof of an element that the other does not. Rather, proof of each of the elements required to establish defendant's guilt of Count 2 (application of a controlled substance) subsumes every element required to prove his guilt of Count 1 (delivery of a controlled substance). Specific

to the parties' arguments, proof that defendant applied a controlled substance to the body of the victim in violation of ORS 475.910 also necessarily established that defendant had violated ORS 475.906. Accordingly, the trial court was required to merge those counts.

The broad statutory definition of "deliver" in ORS 475.005(8) demonstrates why that is so. As noted, "deliver," or "delivery" is defined as "the actual, constructive or attempted transfer, *other than by administering* or dispensing, from one person to another of a controlled substance." ORS 475.005(8) (emphasis added). "Administer," in turn, which the definition of "deliver" expressly excludes, has a rather narrow meaning: "the direct application of a controlled substance, whether by injection, inhalation, ingestion or any other means, to the body of a patient or research subject" by a practitioner or at the direction of the practitioner. ORS 475.005(2).[4] Reading those two paragraphs of ORS 475.005 together, delivery is more precisely defined as "the actual, constructive, or attempted transfer, other than by [direct application of a controlled substance, whether by injection, inhalation, ingestion or any other means to the body of a patient or research subject] or dispensing, from one person to another of a controlled substance." As relevant here, then, ORS 475.906 necessarily prohibits *all* actual, constructive, or attempted transfers of controlled substances—including transfers that occur through a direct application to the body—unless it is to the body of a patient or a research subject. That necessarily includes transfers that violate ORS 475.910, as defendant's conduct indisputably did.

The state's contrary reasoning exhibits two significant flaws. First, the state evidently sees the parallel between the phrases "apply *** to the body" and "application *** to the body" and concludes that they must be the same. However, that conclusion wholly disregards the context of the latter phrase, which plainly limits its scope to a narrow

---

[4] The other half of that exception, "dispense," is defined under ORS 475.005(10) as "to deliver a controlled substance to an ultimate user or research subject by or pursuant to the lawful order of a practitioner, and includes the prescribing, administering, packaging, labeling or compounding necessary to prepare the substance for that delivery."

slice of all conduct that can be described as "apply[ing] a controlled substance to the body of another," which ORS 475.910 presumptively criminalizes. Second, although the state understandably makes no express argument that, in light of the exemption for "administering" controlled substances under ORS 475.910, defendant's conduct did not violate *that* statute, the argument that the state does make, when taken to its logical conclusion, would have that consequence. Given the implausibility of that outcome, we reject the state's argument that the criminal acts of delivering a controlled substance, on the one hand, and applying a controlled substance, on the other, are mutually exclusive and therefore preclude merger under ORS 161.067(1).

In sum, the trial court was required to merge the guilty finding on Counts 1 and 2 and enter a single conviction. Establishing that defendant had violated ORS 475.910 by injecting the victim with methamphetamine necessarily satisfied the element of delivery under ORS 475.906. Therefore, the state's argument that ORS 475.906 requires proof of an element that ORS 475.910 does not fails, and the state offers no other argument against merger. As a result, ORS 161.067(1) required the trial court to merge its findings of guilt on Counts 1 and 2 into a single conviction. We therefore reverse and remand.

Convictions on Counts 1 and 2 reversed and remanded for entry of judgment of conviction for one count of application of a Schedule I controlled substance to the body of another person under the age of 18; remanded for resentencing; otherwise affirmed.