Submitted September 30, 2020; supplemental judgment reversed, remanded for resentencing, otherwise affirmed March 31, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ELISEO TELLEZ-SUAREZ,
*Defendant-Appellant.*

Washington County Circuit Court
18CR20640; A168847

484 P3d 396

Oscar Garcia, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anne Fujita Munsey, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Hadlock, Judge pro tempore.

PER CURIAM

Supplemental judgment reversed; remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant was found guilty by unanimous jury verdict on two counts of first-degree criminal mistreatment, ORS 163.205, and two counts of third-degree assault, ORS 163.165(2)(a). In five assignments of error, defendant claims that the trial court plainly erred by (1) giving a jury instruction regarding the *mens rea* required for the physical injury element for both the assault and criminal mistreatment charges, (2) giving jury instructions allowing nonunanimous verdicts, (3) accepting the jury's verdicts after the nonunanimous instructions, and (4) imposing restitution payable to a party who is not a victim. In the fifth assignment, defendant argues that the court erred by denying eligibility for alternative incarceration programs in the written judgment.

We reject without written discussion the first assignment of error.

Defendant's second and third assignments are foreclosed by decisions by the Oregon Supreme Court. After the United States Supreme Court ruled against nonunanimous jury verdicts for serious offenses in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the court held that providing a nonunanimous jury instruction was not a structural error that categorically requires reversal in every case. *State v. Flores Ramos*, 367 Or 292, 319, 478 P3d 515 (2020). Additionally, when, as here, the jury's verdicts were unanimous despite the nonunanimous instruction, such erroneous instruction was "harmless beyond a reasonable doubt." *State v. Ciraulo*, 367 Or 350, 354, 478 P3d 502 (2020); *see also State v. Chorney-Phillips*, 367 Or 355, 359, 478 P3d 504 (2020) (declining to exercise discretion to review as plain error an unpreserved nonunanimous instruction when the verdict was unanimous).

In his fourth assignment of error, defendant asserts that the trial court plainly erred by ordering restitution of $1,657 to Kaiser Permanente. The state concedes the restitution was impermissibly awarded under the applicable statutes and case law. We agree and accept the concession. *See State v. White*, 299 Or App 165, 167-68, 449 P3d 924 (2019) (explaining that, because unemancipated children who claim only medical expenses are not "victim[s]" under

applicable restitution laws, their insurers are also not victims). However, the state contends that the correct disposition is to reverse the supplemental judgment imposing restitution and remand for resentencing to allow the trial court to determine if it has "other permissible options available" regarding the imposition of restitution or a fine. *Id.* at 169. We agree with the state that that is the correct disposition.

Finally, as to the fifth assignment of error, the state concedes the trial court erred by denying eligibility for alternative incarceration programs in the judgment when it clearly announced at the sentencing hearing that defendant was eligible for such programs. We agree, accept this concession, and remand for resentencing. *See generally State v. Anotta*, 302 Or App 176, 177, 460 P3d 543 (2020) (correcting similar error).

Supplemental judgment reversed; remanded for resentencing; otherwise affirmed.