Submitted on remand from the Oregon Supreme Court August 4; supplemental judgment reversed, remanded for resentencing, otherwise affirmed October 12, 2022; petition for review denied March 30, 2023 (370 Or 827)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ELISEO TELLEZ-SUAREZ,
*Defendant-Appellant.*

Washington County Circuit Court
18CR20640; A168847

519 P3d 561

Defendant appealed a judgment of conviction for first-degree criminal mistreatment and third-degree assault of his seven-year-old son. In a prior opinion, the Court of Appeals affirmed the conviction but reversed and remanded defendant's sentence. The Supreme Court vacated that opinion and remanded the case for reconsideration in light of *State v. Owen*, 369 Or 288, 505 P3d 953 (2022), and *State v. McKinney/Shiffer*, 369 Or 325, 505 P3d 946 (2022). The Supreme Court's remand implicated only one assignment of error raised in defendant's appeal, which argued that the trial court plainly erred in omitting a culpable mental state for the element of resulting physical injury. *Held*: The Court of Appeals declined to exercise its discretion to correct any error because the jury's verdict indicates that any error was harmless.

Supplemental judgment reversed; remanded for resentencing; otherwise affirmed.

On remand from the Oregon Supreme Court, *State v. Tellez-Suarez*, 369 Or 855, 512 P3d 447 (2022).

Oscar Garcia, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anne Fujita Munsey, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Supplemental judgment reversed; remanded for resentencing; otherwise affirmed.

**KAMINS, J.**

This case is before us on remand from the Supreme Court. Defendant was convicted of two counts each of criminal mistreatment in the first degree, ORS 163.205(1)(b)(A), and assault in the third degree, ORS 163.165(1)(h),[1] for pushing his seven-year-old son into a wall and a bookcase, causing lacerations to the child's head. In the underlying appeal, defendant raised five assignments of error. The first assignment challenged the jury instruction about the requisite culpable mental state, the second and third assignments related to the nonunanimous jury instruction, and the fourth and fifth assignments regarded aspects of defendant's sentence. The state conceded the sentencing errors; we accepted those concessions and affirmed as to the first three assignments of error. *State v. Tellez-Suarez*, 310 Or App 354, 484 P3d 396 (2021) (*Tellez-Suarez I*), *vac'd in part and rem'd*, 369 Or 855, 512 P3d 447 (2022) (*Tellez-Suarez II*).

The Supreme Court vacated our decision and remanded the matter "for reconsideration in light of *State v. Owen*, 369 Or 288, 505 P3d 953 (2022), and *State v. McKinney/Shiffer*, 369 Or 325, 505 P3d 946 (2022)." *Tellez-Suarez II*, 369 Or 855. We understand that our limited task on remand is to reconsider defendant's first assignment of error, which contended that the trial court plainly erred in omitting a culpable mental state for the element of resulting physical injury. Having reviewed the record, we decline to exercise our discretion to correct any error, because the jury's verdict indicates that any error was harmless. *See Owen*, 369 Or at 323 ("We will affirm the judgment below if we determine that there was little likelihood that the error affected the verdict." (Citation omitted.)).

The jury was instructed that "[i]n order to prove that the defendant knowingly caused physical injury to the victim, the state must prove that the defendant was aware of the assaultive nature of his conduct" and that "physical injury means an injury that impairs a person's physical condition or causes substantial pain." Instructing the jury

---

[1] ORS 163.205 and ORS 163.165 have both been amended since defendant committed his crimes; however, because those amendments do not affect our analysis, we refer to the current versions of those statutes in this opinion.

that defendant must have acted with criminal negligence as to resulting physical injury—which requires that the defendant "fail[ed] to be aware of a substantial and unjustifiable risk \*\*\* of such nature and degree that the failure to be aware of it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation"—would not have affected the outcome of the case. ORS 161.085(10). Given that the jury found that defendant acted with an awareness that his conduct was assaultive in nature and that his assaultive conduct—pushing his seven-year-old- son into a wall and bookcase—was committed with sufficient force to cause physical injury (lacerations to the forehead) to his child, there is little likelihood that it would have concluded that defendant was not at least negligent with respect to the risk that the child could be injured as a result. *See State v. Chemxananou*, 319 Or App 636, 640, 510 P3d 954 (2022) (declining to exercise discretion because there was little likelihood that the jury, having found that the defendant knowingly engaged in assaultive conduct toward his children, would find that he was not at least negligent with respect to the fact that they could be injured as a result); *Owen*, 369 Or at 324 (error was harmless because the jury found that the defendant knowingly engaged in assaultive conduct and used a dangerous weapon and thus "would have found that, at least, he was criminally negligent in failing to appreciate the risk of injury").

We remand for the trial court to correct the sentencing errors identified in *Tellez-Suarez I*. 310 Or App at 355-56 (concluding that the trial court erred in ordering restitution and in denying eligibility for alternative incarceration programs).

Supplemental judgment reversed; remanded for resentencing; otherwise affirmed.