432 October 22, 2025 No. 924

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MATTHEW RAY BARRETT,
*Defendant-Appellant.*

Curry County Circuit Court
24CR01533; A183953

Jesse C. Margolis, Judge.

Submitted September 8, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Marc D. Brown, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

AOYAGI, P. J.

Conviction for assaulting a public safety officer (Count 1) reversed and remanded; convictions for escape (Counts 2 and 3) reversed and remanded for entry of a single conviction for escape in the second degree; remanded for resentencing; otherwise affirmed.

**AOYAGI, P. J.**

Defendant was convicted of assaulting a public safety officer (APSO), ORS 163.208; second-degree escape, ORS 162.155; third-degree escape, ORS 162.145; resisting arrest, ORS 162.315; disorderly conduct, ORS 166.025; and harassment, ORS 166.065. On appeal, he raises two assignments of error, the first regarding the jury instructions on the APSO charge, and the second regarding merger of the escape verdicts. We conclude that both claims of error are well taken.

*Jury instructions on APSO.* In his first assignment of error, defendant contends that the trial court plainly erred in failing to instruct the jury on the culpable mental state requirement for the physical injury element of APSO. The state concedes, and we agree, that the court plainly erred in that regard. *See State v. Owen*, 369 Or 288, 322-23, 505 P3d 953 (2022) (holding that the result element of second-degree assault is a material element that requires proof of at least criminal negligence); *State v. Sell*, 328 Or App 82, 95, 536 P3d 1019 (2023), *rev den*, 372 Or 63 (2024) (holding that it was plain error not to instruct the jury that the defendant had to be at least criminally negligent as to the physical injury element of APSO).

The next question is whether the error was harmless. *State v. Ortiz*, 372 Or 658, 671, 554 P3d 796 (2024) ("Under Article VII (Amended), section 3, of the Oregon Constitution, an appellate court may not reverse a criminal defendant's conviction based on an error—whether preserved or unpreserved—that is harmless."). An error is harmless if there is little likelihood that it affected the verdict. *Id*. In assessing whether an instructional error was harmless, "we consider the instructions as a whole and in the context of the evidence and record at trial, including the parties' theories of the case with the respect to the various charges and defenses at issue." *Owen*, 369 Or at 323 (internal quotation marks omitted). As to omitted mental-state instructions in particular, we "assess whether the jury might have found that element to be unproved, had it been instructed on it." *State v. Horton*, 327 Or App 256, 263, 535 P3d 338 (2023).

In this case, having reviewed the record, including the bodycam footage, we are unpersuaded that the error was harmless. Based on the evidence, there is "some likelihood that the jury might *not* have been persuaded that [defendant] had the requisite mental state, had it considered that issue." *State v. Stone*, 324 Or App 688, 695, 527 P3d 800 (2023) (emphasis in original). And we disagree with the state that the jury's other findings establish harmlessness. *See, e.g.*, *State v. Tellez-Suarez*, 322 Or App 337, 338-39, 519 P3d 561 (2022), *rev den*, 370 Or 827 (2023) (a similar error was harmless because there was little likelihood that the jury would have concluded that defendant was not at least negligent as to child's resulting physical injury when the jury found that the defendant "was aware of the assaultive nature of his conduct" in pushing child into a wall and a bookcase with sufficient force to cause physical injury).

Finally, we exercise our discretion to correct the error. The error was grave insofar as it may have led to a felony conviction. The ends of justice favor correcting an error of this nature, which allowed the jury to decide guilt without making a necessary factual finding. And defendant had no apparent strategic reason not to object. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991) (the gravity of the error, the nature of the case, the competing interests of the parties, and the ends of justice in a particular case are factors the court may consider in deciding whether to exercise its discretion to correct an unpreserved error); *see also, e.g.*, *State v. Johnson*, 337 Or App 457, 463-64, 563 P3d 993 (2025) (exercising discretion to correct a plain error in failing to instruct on the mental state requirement for the value element of two crimes, and citing the fact the omitted element elevated one of the crimes to a felony, that the ends of justice weighed in favor of having a trier of fact decide each element, and the lack of a strategic reason not to object). We reverse and remand for a new trial on the APSO count.

*Merger.* In his second assignment of error, defendant argues that the trial court erred by declining to merge the guilty verdicts on second- and third-degree escape. The claim of error is preserved. We review for legal error. *State*

*v. White*, 301 Or App 74, 75, 455 P3d 969 (2019), *rev den*, 366 Or 259 (2020).

The indictment alleged as to both escape charges that defendant unlawfully and knowingly escaped from custody. The only difference between the charges was that the second-degree charge alleged that he used physical force to escape. *Compare* ORS 162.155(1) (elements of second-degree escape), *with* ORS 162.145(1) (elements of third-degree escape). Defendant argues, the state concedes, and we agree that the elements of third-degree escape are subsumed within the elements of second-degree escape, such that it was error not to merge the verdicts. Where, as here, "the same conduct violates two statutory provisions, one of which is a lesser-included offense of the other, the violations result in a single punishable offense; that is, they merge." *State v. Gensitskiy*, 365 Or 263, 282, 446 P3d 26 (2019); *see* ORS 161.067(1) ("When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."). On remand, the escape verdicts should be merged into a single conviction for second-degree escape.

Conviction for assaulting a public safety officer (Count 1) reversed and remanded; convictions for escape (Counts 2 and 3) reversed and remanded for entry of a single conviction for escape in the second degree; remanded for resentencing; otherwise affirmed.