STATE OF OREGON,
*Respondent,*

*v.*

THOMAS EDWARD O'HARA,
*Appellant.*

(92-0230CR; CA A79004)

900 P2d 536

Irene B. Taylor, Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. With her on the brief were

Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

**RIGGS, P. J.**

Defendant appeals his conviction and sentence for two counts of attempted rape in the first degree. We hold that there was sufficient evidence to support the conviction, but remand for resentencing.

On the morning of June 12, 1993, defendant borrowed a car from an acquaintance, Griner, and drove to the Viento State Park campground near Hood River. He entered the women's restroom and occupied one of the two stalls for more than two hours. The victim entered the restroom, used the available stall and noticed that the person in the other stall was getting ready to leave. She opened her stall door and came face to face with defendant, who was wearing wire rimmed glasses, a scarf or bandanna over his hair, and a bandanna over his nose and mouth. She opened her mouth to scream, but defendant hit her in the face with his fist and the blow knocked her back against the wall. When she began screaming for help, defendant covered her mouth with his hand and shoved her down toward the floor. He hit her repeatedly, pounded her head against the brick wall several times, squeezed her throat with one hand and continued trying to push her to the floor of the stall. Although defendant was saying something throughout the assault, all she could hear above her screams was, "You'd better." During the struggle, the victim gouged defendant's right eye and bit his finger. When defendant pulled one of his hands away from the victim and grabbed the stall door, the victim kicked him in the groin, rolled across the floor to the exit, and fled.

The victim's boyfriend saw the victim run from the restroom, then saw defendant exit. The boyfriend tried to follow defendant, but defendant assaulted him and fled to a nearby car. Some campers noted defendant's license number as he drove away. One camper who observed defendant departing saw "something like a weapon or something in his [pause] like it was bulging in his right pocket."

Defendant was stopped by a police officer just after midnight, for a traffic infraction. When stopped, his pants were unbuttoned and there was a pair of black satin women's underpants partially tucked under the front seat. He had scratches on his face and neck, and a swollen right hand.

18

Griner testified that she saw a red mark in one of defendant's eyes when he returned her car three days later.

Defendant was indicted for attempted murder, attempted assault in the first degree, assault in the second degree, two counts of attempted rape in the first degree, and two counts of assault in the fourth degree. After a jury trial, he was found not guilty of attempted murder, but guilty of the remaining charges. The court determined that attempted assault in the first degree was the primary offense, with a grid block classification of 8-A. It found that defendant was a dangerous offender and imposed an indeterminate sentence of imprisonment not to exceed 30 years, with defendant to serve 180 months before being eligible for parole. The court also found that the presumptive sentence was 180 months with a departure, and 90 months without a departure. The sentences on the remaining convictions were to be served concurrently with that sentence.

■ Defendant first assigns error to the denial of his motion for judgment of acquittal on the two counts of attempted rape. He argues that his actions — loitering in a women's bathroom, physically assaulting the victim while there and grabbing a stall door during the struggle — are not sufficient to prove that he intended to engage in sexual intercourse with the victim. Our task is to review the evidence

"in the light most favorable to the party in whose favor the verdict was rendered, in this case the state, accepting reasonable inferences and reasonable credibility choices that the jury could have made. *State v. Krummacher*, 269 Or 125, 137-38, 523 P2d 1009 (1974). 'Our decision is not whether we believe defendant is guilty beyond a reasonable doubt, but whether the evidence is sufficient for a jury to so find.' *Id.* at 138."

*State v. Walters*, 311 Or 80, 82-83, 804 P2d 1164, *cert den* 501 US 1209 (1991).

■■ To convict defendant of attempted rape in the first degree, the jury had to conclude that defendant had intentionally engaged in conduct that constituted a "substantial step" toward committing sexual intercourse by "forcible compulsion." ORS 161.405(1); ORS 163.375(1)(a). The facts in this case would support jury findings that defendant had been lying in wait, in a location where only women would be,

had tried to knock out or otherwise disable the victim, had tried to trap her in a bathroom stall and had threatened her to submit to him or face negative consequences ("you'd better"). Also, defendant had not waited for a victim who was carrying a purse and had not fled when this victim fought back. The jury could infer from those facts that defendant intended to commit a crime against the victim's person, as opposed to her property. The jury also could have inferred from defendant's verbalizations and actions — especially his attempts to force the victim to the floor — that defendant's goal was not simply to assault the victim, *i.e.*, the jury could infer that he intended to commit a sex act. The jury could have agreed with the position taken by the state:

> "Although defendant's lingering in the women's restroom was certainly voyeuristic, and consistent with sexual arousal from the certainty that women were removing their clothing next to him, defendant's aggressive conduct reflects [that he] was tired of passive sexual arousal. Had defendant merely wished to see the victim he could simply have looked over the stall, rather than [having] punched her, taken her to the floor, and attempted to pull her into the confined area."

On the basis of those facts and inferences, and especially in the light of the severity of defendant's attack and the location in which it took place, the jury could reasonably have concluded that defendant had taken a substantial step toward forcing the victim to submit to sexual intercourse. *See State v. Rainey*, 298 Or 459, 466, 693 P2d 635 (1985) (articulating circumstances in which an inferred fact may be used to establish an element of the offense). The trial court did not err in denying defendant's motion for judgment of acquittal.

Defendant also assigns error to his sentence. He is correct that the trial court erred in entering a judgment that indicated 90 months, instead of 41-45 months, as the presumptive term without a departure for grid block 8-A. *Former* ORS 161.737(2). Accordingly, we remand for resentencing on all counts. ORS 138.222(5). Because of our conclusion, we need not address defendant's other challenges to his sentence.

Remanded for resentencing; otherwise affirmed.