Argued and submitted June 25, 1997, affirmed February 25, petition for review denied June 16, 1998 (327 Or 305)

## STATE OF OREGON,
*Respondent,*

*v.*

## THOMAS EDWARD O'HARA,
*Appellant.*

## (C92-0230CR; CA A93054)

955 P2d 313

Irene B. Taylor, Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Ann F. Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

■ Defendant appeals from a resentencing,[1] contending that the trial court erred by failing to merge his conviction for attempted assault in the first degree, ORS 163.185,[2] with his conviction for assault in the second degree, ORS 163.175(1)(b).[3] Defendant contends that assault in the second degree is a lesser-included offense of attempted assault in the first degree and, therefore, that merger of the two convictions is not only *not* precluded by ORS 161.062(1) or ORS 161.067(1) but is *required* by ORS 161.485(3).[4] We disagree and affirm.

---

[1] Defendant was originally sentenced to an indeterminate sentence of imprisonment not to exceed 30 years for attempted assault, with sentences for other charges to run concurrently. On appeal, this court determined that the trial court had erred in calculating the sentence, and we remanded for resentencing. *State v. O'Hara*, 136 Or App 15, 19, 900 P2d 536 (1995).

[2] ORS 163.185 provides:

"(1) A person commits the crime of assault in the first degree if the person *intentionally causes serious physical injury to another by means of a deadly or dangerous weapon.*

"(2) Assault in the first degree is a Class A felony."

(Emphasis supplied.)

[3] ORS 163.175(1)(b) provides:

"(1) A person commits the crime of assault in the second degree if the person:

"* * * * *

"(b) *Intentionally or knowingly causes physical injury to another by means of a deadly or dangerous weapon*[.]"

(Emphasis supplied.)

[4] ORS 161.062(1) and ORS 161.067(1) each provides:

"(1) When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations. However, when one of the statutory provisions violated is burglary in any degree, and the other statutory provision violated is theft or criminal mischief in any degree, and the theft or criminal mischief was pleaded as the intended crime of the burglary, the burglary and the theft or criminal mischief shall constitute only one punishable offense."

ORS 161.485(3) provides:

"(3) A person shall not be convicted on the basis of the same course of conduct of both the actual commission of an offense and an attempt to commit that offense or solicitation of that offense or conspiracy to commit that offense."

■ Defendant first argues that the anti-merger statutes do not apply to his convictions, because neither offense contains an element that the other does not. In order to determine whether the anti-merger statutes apply, we examine the statutory elements of each offense. If the defining statutes contain different elements, the convictions do not merge. *State v. Sumerlin*, 139 Or App 579, 585, 913 P2d 340 (1996). If, however, all the elements of the lesser offense are included in the greater offense, there is "true merger." *State v. Gilbertson*, 110 Or App 152, 156, 822 P2d 716 (1991), *rev den* 313 Or 211 (1992).

The elements of assault in the first degree, as defined by ORS 163.185, are: (1) a person; (2) *intentionally* causes *serious* physical injury; (3) to another person; (4) by means of a deadly or dangerous weapon. In order to be convicted of *attempted* assault in the first degree, defendant must *intentionally* have engaged in conduct constituting a substantial step toward causing serious injury to the victim by means of a deadly or dangerous weapon. ORS 161.405(1). The elements of assault in the second degree, as defined by ORS 163.175(1)(b), are: (1) a person; (2) intentionally *or* knowingly; (3) causes physical injury to another person; (4) by means of a deadly or dangerous weapon. The defendant argues that his conviction for assault in the second degree was, by necessity, a lesser-included offense of his conviction for attempted assault in the first degree, because the actions constituting the attempt would have had to fulfill all of the elements of assault in the second degree. Had defendant been convicted of *assault* in the first degree, rather than *attempted* assault in the first degree, his argument would have merit, because to act intentionally presupposes acting knowingly, and to inflict *serious* physical injury presupposes physical injury.

An attempt conviction, however, does not require defendant to have *caused* serious injury, only that he have *intended* to cause such injury. In other words, although he intended to complete the greater offense, he was able only to complete the lesser. But in order to complete the lesser offense, he had to fulfill an element, actual injury, that was

not present in the greater offense. Thus, the same conduct constituted two separate crimes.[5]

■　　Defendant next argues that ORS 161.485(3) *requires* merger, because the facts underlying his conviction for both offenses were the same. Defendant misreads that statute. Under ORS 161.485(3), a person cannot be convicted of both an offense and an attempt to commit that *same* offense based on the same course of conduct. There is nothing in the statute to prevent separate convictions for separate offenses, even though based on the same course of conduct.

　　Affirmed.

---

[5] We note that there is *dictum* in *Gilbertson* that would appear to stand for the proposition advanced by defendant. 110 Or App at 157. To the extent that it does, we disavow it.