Submitted February 24, affirmed December 15, 2010

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ROBERT MEARL TYLER,
*Defendant-Appellant.*

Multnomah County Circuit Court
070934264; A138270

245 P3d 168

Peter Gartlan, Chief Defender, and Mary-Shannon Storey, Deputy Public Defender, Appellate Division, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Douglas F. Zier, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Brewer, Chief Judge, and Schuman, Judge.*

* Brewer, C. J., *vice* Landau, P. J.

BREWER, C. J.

## BREWER, C. J.

Defendant appeals from his convictions for attempted second-degree assault, ORS 161.405(2), and fourth-degree assault, ORS 163.160(2), arguing that the sentencing court erred by denying his request to merge the two convictions.[1] We affirm.

Defendant repeatedly punched a woman in the head, arms, neck, and face, causing her to suffer a concussion and severe, prolonged pain. For that conduct he was convicted, following a jury trial, of attempted second-degree assault and fourth-degree assault. Defendant asked the sentencing court to merge those convictions, arguing that attempted second-degree assault and fourth-degree assault were alternate theories of guilt involving the same conduct and that fourth-degree assault was a lesser-included offense of attempted second-degree assault. The court denied that request and entered a judgment reflecting separate convictions for the two offenses.

■      Defendant renews his argument on appeal, urging that the fourth-degree assault count was merely an alternative theory of guilt and was a lesser-included offense of the attempted second-degree assault charge. Defendant also argues that, because attempted second-degree assault is a lesser-included offense of second-degree assault and, because fourth-degree assault is a lesser-included offense of second-degree assault, fourth-degree assault must be a lesser-included offense of attempted second-degree assault. It

---

[1] ORS 161.405(1) provides that, "[a] person is guilty of an attempt to commit a crime when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime."

ORS 163.175, which defines the crime of second-degree assault, provides, in part:

"(1) A person commits the crime of assault in the second degree if the person:

"(a) Intentionally or knowingly causes serious physical injury to another[.]"

ORS 163.160 provides, in part:

"(1) A person commits the crime of assault in the fourth degree if the person:

"(a) Intentionally, knowingly or recklessly causes physical injury to another[.]"

follows, he reasons, that his convictions should merge. The state replies that this case is controlled by our decision in *State v. O'Hara*, 152 Or App 765, 955 P2d 313, *rev den*, 327 Or 305 (1998). We agree with the state.

■ The so-called "anti-merger" statute, ORS 161.067(1), provides that, "[w]hen the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations." Under that statute, for a single criminal act or criminal episode to give rise to more than one statutory violation, three requirements must be satisfied: (1) the defendant must have engaged in acts that are "the same criminal conduct or episode"; (2) the defendant's acts must have violated two or more "statutory provisions"; and (3) each "statutory provision" must require "proof of an element that the others do not." *State v. Crotsley*, 308 Or 272, 278, 779 P2d 600 (1989) (quoting *former* ORS 161.062(1) (1985), *repealed by* Or Laws 1999, ch 136, § 1, the nearly identical precursor to ORS 161.067(1)).

The indictment in this case alleged that defendant "did unlawfully and intentionally attempt to cause serious physical injury to [the victim]" and thus committed attempted second-degree assault. In a separate count, the indictment alleged that defendant "unlawfully and intentionally cause[d] physical injury to [the victim]" and had thus committed fourth-degree assault. We held in *O'Hara* that convictions for assault and attempted assault do not merge because each of those offenses includes an element that the other does not. In that case, the defendant was convicted of attempted first-degree assault and second-degree assault. He argued that his convictions should merge because second-degree assault is a lesser-included offense of attempted first-degree assault. 152 Or App at 767. We disagreed, holding that, under ORS 161.067(1):

"Had defendant been convicted of *assault* in the first degree, rather than *attempted* assault in the first degree, his argument would have merit, because to act intentionally presupposes acting knowingly, and to inflict *serious* physical injury presupposes physical injury.

"An attempt conviction, however, does not require defendant to have *caused* serious injury, only that he have *intended* to cause such injury. In other words, although he intended to complete the greater offense, he was able only to complete the lesser. But in order to complete the lesser offense, he had to fulfill an element, actual injury, that was not present in the greater offense. Thus, the same conduct constituted two separate crimes."

152 Or App at 768-69 (emphasis in original).

That analysis also applies here. In this case, in order to convict defendant of attempted second-degree assault, the jury had to find that defendant had intentionally attempted to cause serious physical injury to the victim. By contrast, to convict defendant of fourth-degree assault, the jury had to find only that defendant had intentionally caused physical injury to the victim. Thus, defendant's conviction for attempted second-degree assault required the jury to find that defendant had attempted to cause serious physical injury, an element not included in fourth-degree assault. The trial court properly refused to merge the convictions.

Affirmed.