Submitted November 16, 2018; portion of judgment requiring defendant to pay a $1,755 DUII fine vacated, remanded for resentencing, otherwise affirmed April 8, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSEPH DUANE LEE,
*Defendant-Appellant.*

Harney County Circuit Court
16CR59784; A164402

461 P3d 1043

W. D. Cramer, Jr., Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Rond Chananudech, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Egan, Chief Judge, and Powers, Judge.

PER CURIAM

Portion of judgment requiring defendant to pay a $1,755 DUII fine vacated; remanded for resentencing; otherwise affirmed.

**PER CURIAM**

Defendant appeals a judgment of conviction for felony driving under the influence of intoxicants (DUII). Among other terms, defendant was ordered to pay a $1,755 fine. On appeal, defendant challenges the fine, because the trial court announced in open court that it was imposing a $1,500 fine on the DUII conviction. The state concedes that the court erred in imposing a greater DUII fine than announced and argues that we should vacate the fine and remand for resentencing. We accept the state's concession and agree that the correct disposition is to vacate the fine and remand for resentencing. *See State v. Zamno*, 299 Or App 270, 271, 450 P3d 57 (2019) (error for court to impose DUII fine greater than announced at sentencing hearing; vacating fine and remanding for resentencing under *former* ORS 138.222(5)(a) (2015), *repealed by* Or Laws 2017, ch 529, § 26).[1] We reject defendant's remaining assignment of error without discussion.

Portion of judgment requiring defendant to pay a $1,755 DUII fine vacated; remanded for resentencing; otherwise affirmed.

---

[1] *Former* ORS 138.222 (2015) was repealed in 2017 as part of a comprehensive restructuring of the laws governing criminal appeals. *See* Senate Bill (SB) 896 (2017); Or Laws 2017, ch 529, § 26. Because the judgment in this case was entered before January 1, 2018, the effective date of SB 896, the former statute applies.