Submitted July 9, 2019; portions of judgment requiring defendant to pay $560 fine on each count of conviction under ORS 166.190 vacated, remanded for resentencing, otherwise affirmed October 21, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SAMUEL LEE RICE,
*Defendant-Appellant.*

Clackamas County Circuit Court
16CR66661; A166481

476 P3d 961

For pointing a gun at four victims, defendant was charged with and convicted of four counts of menacing, ORS 163.190, and four counts of pointing a firearm at another, ORS 166.190. On appeal, defendant assigns error to the trial court's failure to merge the guilty verdict on each count of pointing a firearm at another with the guilty verdict on the menacing count associated with the same victim. Defendant also assigns as plain error the court's imposition of fines exceeding the statutory maximum on each count of pointing a firearm at another. *Held*: The trial court did not err in failing to merge the verdicts, because each crime required proof of an element that the other did not. But the trial court plainly erred in imposing fines that exceeded the statutory maximum under ORS 166.190.

Portions of judgment requiring defendant to pay $560 fine on each count of conviction under ORS 166.190 vacated; remanded for resentencing; otherwise affirmed.

Thomas J. Rastetter, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Mark Kimbrell, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Julia Glick, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and DeVore, Judge, and James, Judge.

LAGESEN, P. J.

Portions of judgment requiring defendant to pay $560 fine on each count of conviction under ORS 166.190 vacated; remanded for resentencing; otherwise affirmed.

**LAGESEN, P. J.**

Too much alcohol turned an amicable October barbecue into a brawl that defendant could not bring himself to let end. As B (who defendant had attacked with a fire poker and with whom he then exchanged punches), J, and J's two children tried to leave the party in B's Jeep, defendant came within 15 feet of the Jeep and pointed his pistol at all of them.

For that conduct, defendant was charged with and convicted of four counts of menacing, in violation of ORS 163.190, and four counts of pointing a firearm at another, in violation of ORS 166.190. Each count of each offense pertained to one of the four people in the Jeep. On appeal, defendant assigns error to the trial court's failure to merge the guilty verdict on each count of pointing a firearm at another with the guilty verdict on the menacing count associated with the same victim. Defendant also assigns as plain error the court's imposition of a fine exceeding the statutory maximum on each count of pointing a firearm at another. We conclude that the court plainly erred in imposing the too-large fines and, for that reason, vacate those fines and remand for resentencing but otherwise affirm.

In his first four assignments of error, defendant contends that the trial court erred when it did not merge the guilty verdict on each count of pointing a firearm at another with the guilty verdict on the count of menacing the same victim. Defendant asserts that the offense of pointing a firearm at another under ORS 166.190 is a lesser-included offense of menacing under ORS 163.190, so as to require merger of the verdicts on each pair of counts involving the same victim. *See State v. Gensitskiy*, 365 Or 263, 269, 446 P3d 26 (2019) ("[A] court cannot enter separate convictions under ORS 161.067(1) for violations of two statutory provisions if the violations are based on the same conduct and one of the violations is a lesser-included offense of the other."). The state responds that defendant did not preserve these assignments of error. Alternatively, the state argues that ORS 161.067(1) precludes merger because the offenses of menacing and pointing a firearm at another each require proof of an element that the other does not.

We reject the state's preservation argument. In arguing against preservation, the state notes, correctly, that defendant argued to the trial court that his "sentences" could not be distinct for purposes of "merger law," and did not argue that the guilty *verdicts* should merge. *See State v. Watkins*, 236 Or App 339, 344 n 1, 236 P3d 770, *rev den*, 349 Or 480 (2010) (explaining that guilty verdicts, not convictions or sentences, are what merge under Oregon merger law). The state contends that this shows that defendant's argument was about the propriety of consecutive sentences and was not about whether the guilty verdicts should merge. What the state's point overlooks, however, is that the type of imprecise and even mistaken "'shorthand'" phraseology employed by defendant in the trial court (his reference to merger of sentences, that is) has long been a part of Oregon merger law (including in our own decisions), *id.* (quoting *State v. Lepierre*, 235 Or App 391, 395, 232 P3d 982 (2010)), but we have not treated imprecision in the vocabulary of merger as an impediment to the preservation of an issue about merger otherwise properly raised. *Accord State v. White*, 346 Or 275, 279 n 4, 211 P3d 248 (2009) (noting that "[t]he parties and the courts below often refer to the issue in this case as being whether defendant's 'convictions' merge" but nonetheless addressing the merits of the parties' merger argument).

Beyond that, the trial court's remarks on the record reflect that it understood defendant to be arguing for merger in the proper and usual sense, because, in rejecting defendant's argument, the court's analysis traced the antimerger rule contained in ORS 161.067(1). That provision states:

> "When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations."

ORS 161.067(1). Consistent with the analysis demanded by that provision, the court explained that "it's the same act, but it violates two statutes," and then did not merge the guilty verdicts. The merger issue is preserved for our review.

As for the merits, we review for legal error a trial court's merger determinations. *State v. White*, 301 Or App 74, 75, 455 P3d 969 (2019), *rev den*, 366 Or 259 (2020). At issue is whether ORS 161.067(1) operates to bar merger of the guilty verdict on the pointing-a-firearm-at-another count with respect to a particular victim with the guilty verdict on the menacing count involving the same victim. As its text indicates, that provision bars merger of guilty verdicts on separately charged counts based on the same conduct where each count is based on a separate statutory provision, and where each relevant statutory provision requires proof of an element that the other does not. *Gensitskiy*, 365 Or at 282. Where, however, "the same conduct violates two statutory provisions, one of which is a lesser-included offense of the other, the violations result in a single punishable offense; that is, they merge." *Id.*

Here, the parties do not dispute that ORS 163.190 and ORS 166.190 are separate statutory provisions for purposes of ORS 161.067(1). Rather, they dispute whether ORS 166.190 (pointing a firearm at another) is a lesser-included offense of ORS 163.190 (menacing). In defendant's view, menacing under ORS 163.190 entirely subsumes pointing a firearm at another under ORS 166.190, at least where, as here, the conduct underlying the menacing charge is based on threatening conduct with a firearm. In the state's view, the plain terms of the respective statutes establish that each offense requires proof of an element the other does not; therefore, neither offense is a lesser-included offense of the other.

A plain reading of the statutes confirms that the state is correct.

ORS 163.190(1), which defines "menacing," provides that "[a] person commits the crime of menacing if by word or conduct the person intentionally attempts to place another person in fear of imminent serious physical injury."

ORS 166.190, which defines the offense of pointing a firearm at another, provides that a person commits that offense if the person is "over the age of 12" and "with or without malice, purposely points or aims any loaded or empty

pistol, gun, revolver or other firearm, at or toward any other person within range of the firearm, except in self-defense."

As can be seen by comparing the text of those two statutes, the offense of menacing requires proof of, among other things, the defendant's intent to put the victim "in fear of imminent serious physical injury." ORS 163.190(1); *State v. Durst*, 248 Or App 689, 696-97, 273 P3d 370 (2012) (explaining operation of mental state element of menacing). By contrast, the specification in ORS 166.190 that a person may commit that offense "with or without malice" makes clear that proof that the defendant intended to cause the victim to experience fear of imminent personal injury is not an element of pointing a firearm at another; in fact, the offense can be committed without the victim even knowing that the gun was pointed or aimed in the victim's direction.

A comparison of the statutory text also demonstrates that pointing a firearm at another requires proof of at least one element that menacing does not. ORS 166.190 requires proof that the prohibited firearm pointing was directed at or toward a victim located "within range of the firearm." By contrast, ORS 163.190 does not require proof that the victim of a menacing charge was located within a particular distance of the defendant. Consequently, ORS 163.190 and ORS 166.190 each require proof of an element that the other does not. The trial court, therefore, correctly declined to merge the guilty verdicts in the manner advocated by defendant.

In his remaining assignments of error, defendant points out that ORS 166.190 specifies that the maximum fine for pointing a firearm at another is $500 and argues that the trial court therefore plainly erred when it imposed a $560 fine on each of those convictions. The state concedes that the court plainly erred and, consistent with our practice in similar cases, we exercise our discretion to correct the erroneously imposed fines. *See, e.g.*, *State v. Lee*, 303 Or App 477, 478, 461 P3d 1043 (2020). The state argues that we should simply strike the excess amounts from each fine, but it is not clear to us that that is the choice the trial court would select. Accordingly, we vacate those portions of the judgment imposing the challenged $560 fines and remand

for resentencing. *See State v. Tison*, 292 Or App 369, 375, 424 P3d 823, *rev den*, 363 Or 744 (2018) (taking similar approach under *former* ORS 138.040 (2015), *repealed by* Or Laws 2017, ch 529, § 26).[1]

Portions of judgment requiring defendant to pay $560 fine on each count of conviction under ORS 166.190 vacated; remanded for resentencing; otherwise affirmed.

---

[1] For the reasons explained in *Tison*, *former* ORS 138.040 (2015) governs our disposition of this appeal because the judgments on appeal were entered prior to the effective date of the act repealing that statute. *See Tison*, 292 Or App at 372 n 3.