No. 685 December 28, 2023 783

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

ERIN ELIZABETH DORN-PRIVETT,
*Petitioner-Appellant,*

*v.*

Nichole BROWN,
Superintendent,
Coffee Creek Correctional Institution,
*Defendant-Respondent.*

Washington County Circuit Court
19CV41932; A176150

Patricia A. Sullivan, Senior Judge.

Submitted March 28, 2023.

Margaret Huntington and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert A. Koch, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Petitioner appeals from a judgment that denied her petition for post-conviction relief. In her sole assignment of error, petitioner contends that the post-conviction court erred when it concluded that her trial counsel did not provide inadequate and ineffective assistance of counsel after counsel failed to argue for merger of petitioner's convictions under ORS 161.067(1). For the reasons below, we affirm.

Petitioner's convictions were based on an incident in which she drove her car at her neighbors during a dispute. For that conduct, a jury found petitioner guilty of three counts of attempted first-degree assault, ORS 163.185, three counts of unlawful use of a weapon, ORS 166.220, three counts of menacing, ORS 163.190, three counts of recklessly endangering another person, ORS 163.195, and second-degree disorderly conduct, ORS 166.025. At sentencing, the trial court merged the guilty verdicts for unlawful use of a weapon with the verdicts for first-degree attempted assault. Petitioner's counsel further argued that the menacing and reckless endangering verdicts should also merge with the first-degree attempted assault verdict; however, that argument was not explicitly based on ORS 161.067(1). The trial court rejected petitioner's argument regarding merger of those verdicts.

In her post-conviction case, petitioner argued that trial counsel failed to exercise reasonable professional skill and judgment because counsel did not raise ORS 161.067(1) as the legal basis for the trial court to merge the verdicts for menacing, ORS 163.190, and recklessly endangering another person, ORS 163.195, with the verdict for attempted first-degree assault, ORS 161.405 and ORS 163.185. The post-conviction court denied relief because it determined that petitioner did not prove "that an argument for merger under ORS 161.067(1) would have been successful had Trial Counsel argued it at sentencing."

We review the post-conviction court's denial of relief for legal error and are bound by the court's "findings of historical fact *** if there is evidence in the record to support them." *Green v. Franke*, 357 Or 301, 312, 350 P3d 188 (2015).

A petitioner is entitled to post-conviction relief under ORS 138.530 when "there has been a 'substantial denial' of a petitioner's 'rights under the Constitution of the United States, or under the Constitution of the State of Oregon, or both, and which denial rendered the conviction void.'" *Green*, 357 Or at 311 (quoting ORS 138.530(1)(a)). Although we interpret and apply Article I, section 11, of the Oregon Constitution independently of the Sixth Amendment to the United States Constitution, "the standards for determining the adequacy of legal counsel under the state constitution are functionally equivalent to those for determining the effectiveness of counsel under the federal constitution." *Montez v. Czerniak*, 355 Or 1, 6-7, 322 P3d 487, *adh'd to as modified on recons*, 355 Or 598, 330 P3d 595 (2014).

To be entitled to post-conviction relief based on a claim of inadequate assistance of counsel, a petitioner must prove that trial counsel failed to exercise reasonable professional skill and judgment and that the petitioner suffered prejudice from counsel's inadequacy. *Id.* (Article I, section 11); *Strickland v. Washington*, 466 US 668, 686, 104 S Ct 2052, 80 L Ed 2d 674 (1984) (Sixth Amendment).

Although there is no case law holding that the crimes of menacing and recklessly endangering another person merge with attempted first-degree assault under ORS 161.067, the law does not require a petitioner to cite a directly controlling case to establish the inadequacy of counsel. Indeed, in *Burdge v. Palmateer*, 338 Or 490, 499, 112 P3d 320 (2005), the Supreme Court recognized that "[i]n at least some cases, a lawyer's failure to present an unsettled question may be inadequate assistance of counsel." As explained in *Burdge*, "[e]ven if the meaning of a statute remains unsettled, the statute may so obviously offer possible benefits to a defendant that any lawyer exercising reasonable professional skill and judgment would raise it." *Id.* at 500.

This is not one of those cases. As we explain below, petitioner's guilty verdicts do not merge; accordingly, trial counsel did not fail to exercise reasonable professional skill and judgment when she did not argue for merger under ORS 161.067(1). Raising an argument that is ultimately legally

incorrect would not have "obviously" provided any benefit to petitioner, even if the law was unsettled at the time.

Under ORS 161.067(1), referred to as the "anti-merger" statute, "[w]hen the same conduct or criminal epi-sode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations." *See State v. Barton*, 304 Or App 481, 489, 468 P3d 510 (2020) (explaining that the court "look[s] to the anti-merger statute, ORS 161.067" to determine "whether multiple violations of the law must merge"). Petitioner argues that the elements of menacing and recklessly endangering another person are subsumed into the elements of attempted first-degree assault and, therefore, that they necessarily merge under ORS 161.067(1).

Beginning with attempted first-degree assault, "[a] person is guilty of an attempt to commit a crime when the person intentionally engages in conduct which consti-tutes a substantial step toward commission of the crime." ORS 161.405(1). Petitioner's attempt convictions were charged under ORS 163.185(1)(a), first-degree assault, which requires that a person "[i]ntentionally cause[] serious physical injury to another by means of a deadly or danger-ous weapon[.]" Accordingly, attempted first-degree assault requires that a defendant intentionally engage in conduct that constitutes a substantial step toward causing serious physical injury to another by means of a deadly or danger-ous weapon. *State v. O'Hara*, 152 Or App 765, 768, 955 P2d 313, *rev den*, 327 Or 305 (1998).

Turning to menacing, a person violates ORS 163.190 "if by word or conduct the person intentionally attempts to place another person in fear of imminent serious physical injury." On the one hand, while menacing requires proof of the defendant's intent to put the victim "in fear of imminent serious physical injury," attempted first-degree assault has no such requirement. *Compare* ORS 163.190(1) *with* ORS 163.185(1)(a). In fact, it may be possible to commit attempted first-degree assault without the victim ever perceiving the danger, let alone fearing imminent physical injury. *Cf. State v. Rice*, 307 Or App 274, 278, 476 P3d 961 (2020) (applying

ORS 161.067(1) and explaining that the crime of menacing includes the element of placing the victim in fear of imminent serious physical injury while the offense of pointing a firearm at another "can be committed without the victim even knowing that the gun was pointed or aimed in the victim's direction").

On the other hand, while attempted first-degree assault requires that a defendant take a substantial step toward causing serious physical injury to another, menacing does not. *Compare* ORS 163.185 *and* ORS 161.405(1), *with* ORS 163.190(1). In fact, menacing can occur through a defendant's mere use of words—without any conduct that constitutes a step toward causing serious physical injury. *See* ORS 163.190(1) (providing that menacing may occur "by word or conduct").

Because menacing and attempted first-degree assault each require proof of an element that the other does not, they do not merge. There was thus no obvious benefit to petitioner from raising the argument and counsel did not fail to "exercise reasonable professional skill and judgment" when she did not argue for merger under ORS 161.067(1).

Turning to recklessly endangering another person, ORS 163.195(1), that crime requires proof that "the person recklessly engages in conduct which creates a substantial risk of serious physical injury to another person." As described above, attempted first-degree assault requires that the defendant intentionally engage in conduct that constitutes a substantial step toward causing serious physical injury to another by means of a deadly or dangerous weapon. ORS 163.185; ORS 161.405(1). To constitute a "substantial step" toward commission of a crime, "the defendant's conduct must (1) advance the criminal purpose charged and (2) provide some verification of the existence of that purpose." *State v. Kimbrough*, 364 Or 66, 73, 431 P3d 76 (2018) (internal quotation marks omitted). Put another way, an attempt crime focuses on the *purpose* of the individual's conduct, not the *outcome* of that conduct.

On the one hand, attempted first-degree assault requires proof of an intentional mental state, whereas

reckless endangerment requires proof of only a reckless mental state. While proof of an intentional mental state establishes a reckless mental state, the reverse is not true. ORS 161.115(3); *see*, *e.g.*, *State v. Chapman*, 209 Or App 771, 779, 149 P3d 284 (2006), *rev den*, 342 Or 473 (2007) (applying the distinction).

On the other hand, reckless endangerment requires that the defendant's conduct create a substantial risk of serious physical injury to another person, which attempted first-degree assault does not require. *Compare* ORS 163.195 *with* ORS 163.185 *and* ORS 161.405(1). Conduct can constitute a substantial *step* toward causing serious physical injury without creating a substantial *risk* of that injury. The inchoate crime of attempt does not require that the outcome of the crime attempted—in this case, causing serious physical injury to another as required for the crime of first-degree assault, ORS 163.185—be likely or even possible; it only requires that petitioner take steps with the criminal purpose of achieving that outcome.

As was true of menacing and attempted first-degree assault, because recklessly endangering another person and attempted first-degree assault each require proof of an element that the other does not, they do not merge. Again, because raising a debatable, yet ultimately legally incorrect argument does not provide any benefit to a petitioner, it is not "so obvious" that "any lawyer exercising reasonable professional skill and judgment" would have argued for merger in petitioner's case.

Because we determine that trial counsel's representation did not fall below constitutional standards, we do not address prejudice.

Affirmed.