578 February 7, 2024 No. 74

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GLENN LAVAUGHN THOMPSON,
*Defendant-Appellant.*

Lincoln County Circuit Court
20CR28294; A175836

Amanda R. Benjamin, Judge pro tempore.

Argued and submitted November 6, 2023.

Frances J. Gray argued the cause and filed the briefs for appellant. Glenn Lavaughn Thompson filed the supplemental brief *pro se*.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Convictions on Counts 16 (attempted second-degree assault with a firearm) and 20 (attempted third-degree assault) reversed and remanded for entry of a single conviction on Count 13 (attempted first-degree assault with a firearm); conviction on Count 6 (second-degree robbery with a firearm) reversed and remanded for entry of a single conviction on Count 2 (first-degree robbery with a firearm); remanded for resentencing; otherwise affirmed.

**KAMINS, J.**

Defendant appeals a judgment of multiple convictions for robbery, attempted assault, and firearm offenses stemming from a criminal episode in which defendant and his codefendant Jackson robbed the victim, O. Defendant assigns five errors. First, he argues that the trial court erred by failing to merge the guilty verdicts for attempted assault into a single conviction. Second, defendant argues that the trial court erred by failing to merge the guilty verdicts for second-degree and first-degree robbery into a single conviction. In defendant's third, fourth, and fifth assignments of error, he argues that the trial court erred by accepting the guilty verdicts relating to the charged firearm offenses, because he did not possess the firearm during the robbery. Defendant also raises three *pro se* supplemental assignments of error, which we briefly address and reject for the reasons later discussed. We reverse in part, concluding that the trial court plainly erred by not merging all of the attempted assault guilty verdicts and by not merging the guilty verdicts for second-degree robbery and first-degree robbery, we remand for resentencing, and we otherwise affirm.

We address first defendant's arguments relating to merger. We summarize the facts in light most favorable to the trial court's conclusion that merger was not required. *See, e.g.*, *State v. Oldham*, 301 Or App 82, 83, 455 P3d 975 (2019). Defendant and Jackson learned that O had about $30,000 in cash and, knowing O would be at a specific trailer, defendant and Jackson hatched a plan to rob him. Right before entering the trailer, defendant handed his gun to Jackson and grabbed a shovel to use as a weapon. They both entered the trailer and encountered O in the living room area. Defendant swung the shovel at O, demanding that he surrender his money. O resisted, grabbed a knife, and swung it towards Jackson. Jackson fell over a table and dropped the gun, at which point O ran off. Defendant picked up the gun and pursued O, firing two shots as O "descended down the driveway" on foot. The first shot missed; the second shot grazed O's thigh. O sustained no serious injuries.

Following a jury trial, defendant was found guilty of 20 offenses. After the sentencing court conducted a merger analysis, defendant's convictions were entered as follows: Count 2 (first-degree robbery with a firearm); Count 6 (second-degree robbery with a firearm); Count 12 (unlawful use of a weapon); Count 13 (attempted first-degree assault); Count 16 (attempted second-degree assault with a firearm); Count 20 (attempted third-degree assault); and Count 21 (menacing).[1]

In his first assignment of error, defendant contends that the trial court erred by not merging the attempted assault verdicts into a single conviction, an argument the state contends is unpreserved. Defendant concedes that, although he "did not argue *** or object to the trial court's error in failing to" merge the attempted assault verdicts, the argument was preserved, because the trial court was apprised of the relevant statute—ORS 161.485(2), which bars multiple convictions for certain inchoate offenses—in the state's sentencing memorandum's discussion of the conspiracy to commit robbery offenses. Alternatively, defendant requests that we review for plain error.

In order to preserve an argument, a party must articulate enough information to an opposing party or the trial court "to be able to understand [a party's] contention and to fairly respond to it." *State v. Walker*, 350 Or 540, 552, 258 P3d 1128 (2011). Here, defendant never even posited that the relevant counts should merge, nor did he mention

---

[1] The following counts merged with Count 2 (first-degree robbery a firearm): Counts 3 (first-degree robbery with a firearm); 4 (first-degree robbery with a firearm); 5 (criminal conspiracy with a firearm); 9 (third-degree robbery with a firearm); and 10 (criminal conspiracy with a firearm).

The following counts merged with Count 6 (second-degree robbery with a firearm): Counts 7 (second-degree robbery with a firearm) and 8 (criminal conspiracy with a firearm).

Count 11 (felon in possession of a firearm) merged with Count 12 (unlawful use of a weapon).

The following counts merged with Counts 13 (attempted first-degree assault with a firearm): Counts 14 (attempted second-degree assault with a firearm); 15 (attempted second-degree assault with a firearm); and 17 (attempted third-degree assault).

The following counts merged with Count 16 (attempted second-degree assault with a firearm): Counts 18 (attempted third-degree assault) and 19 (attempted third-degree assault).

ORS 161.485(2). The state's citation to that statute in its sentencing memorandum when discussing other offenses was not sufficient to preserve defendant's argument that ORS 161.485(2) required merger of the attempted assault verdicts. *See State v. Ortega-Gonsalez*, 287 Or App 526, 539, 404 P3d 1081 (2017) (explaining that the defendant's argument was unpreserved because he "did not specifically object to the trial court's failure to make factual findings when it imposed the sentence," despite the defendant's own sentencing memorandum and objection "alert[ing] the trial court, and the state" that his guilty verdicts could not be sentenced consecutively). Because the argument is unpreserved, we move on to defendant's request for plain error review.

Defendant was found guilty of multiple attempted assault offenses, Counts 13 to 20. The court merged guilty verdicts on Counts 11, 14, 15, 17, 18, and 19 into the verdicts on Counts 13 (attempted first-degree assault with a firearm), 16 (attempted second-degree assault with a firearm), and 20 (attempted third-degree assault). Defendant argues that because all the attempted assault counts arose out of a single, continuous incident against a single victim that would have culminated in a single assault, the trial court plainly erred by not merging all the attempted assault verdicts pursuant to ORS 161.485(2)—which provides that, "[a] person shall not be convicted of more than one [attempt] offense * * * for conduct designed to commit or to culminate in the commission of the same crime." The state responds that each attempted assault count required a different material element and thus precluded merger of the guilty verdicts.

We review the decision of whether to merge verdicts for legal error. *State v. Burris*, 270 Or App 512, 519, 348 P3d 338 (2015). For the reasons discussed below, we conclude that the trial court plainly erred by not applying ORS 161.485(2) to merge Counts 20 and 16 with Count 13. The application of ORS 161.485 is "akin to merger," because a defendant can be guilty of "multiple inchoate crimes pertaining to a single substantive offense but cannot have more than one such conviction entered." *State v. Kimbrough*, 364 Or 66, 73, 431 P3d 76 (2018). Inchoate offenses merge under ORS 161.485(2)

when the defendant's actions "constitute a single course of conduct aimed at the commission of the same crime." *State v. Huddleston*, 278 Or App 803, 808, 375 P3d 583, *rev den,* 360 Or 604 (2016). The "commission of the same crime" element "refers to a single act by an individual actor." *State v. Badillo*, 260 Or App 218, 225, 317 P3d 315 (2013). Whether "defendant engaged in a single course of conduct is a close factual analysis," which includes an "exist[ence] of unity of time, location, and intent." *Huddleston*, 278 Or App at 808.

In this case, it is undisputed that defendant's attempted assault offenses constituted a unity of time, location, and intent in a single course of conduct; he fired two gunshots in quick succession at a single victim, O. There was no pause or separate assault attempt; only a single act against a single victim, by a single actor. *Cf Huddleston*, 278 Or App at 810 (concluding that two counts of attempted aggravated murder did not merge under ORS 161.485(2), because the "defendant's separate solicitations of two different individuals [were] weeks apart" leading to "two acts of attempted aggravated murder"). Thus, ORS 161.485(2) plainly requires merger.

The state's arguments to the contrary are unpersuasive. First, the state argues that the trial court correctly applied ORS 161.067(1), the antimerger statute, to Counts, 13, 16, and 20, because each completed assault requires a "material element that each of the other two counts does not[.]" It cites *State v. Tyler*, 239 Or App 401, 245 P3d 168 (2010), and *State v. O'Hara*, 152 Or App 765, 955 P2d 313 (1998), *rev den,* 327 Or 305 (1998), for that proposition. However, *Tyler* and *O'Hara* did not involve multiple inchoate offenses; each involved guilty verdicts that included not only attempted assault but also *completed* assaults. In *Tyler*, we did not merge the defendant's completed fourth-degree assault conviction with the attempted second-degree assault conviction. 239 Or App at 405. Similarly, in *O'Hara*, we did not merge the defendant's completed second-degree assault with his attempted first-degree assault. 152 Or App at 768-69.

Additionally, the state cites *State v. Habibullah*, 278 Or App 239, 373 P3d 1259 (2016), and *Badillo* to argue

that ORS 161.485(2) is inapplicable. However, those cases are factually distinguishable. In *Habibullah*, we concluded that the trial court did not plainly err by not merging the verdicts for several inchoate offenses that occurred approximately a month apart such that the "lapse of time between defendant's acts" could indicate the commission of separate crimes. 278 Or App at 244. Similarly, in *Badillo*, we held that verdicts should not merge where the defendant solicited two people to kidnap a neighbor's baby, because the solicitation of two different people at different times amounted to the commission of two different crimes rather than a single course of conduct and, therefore, ORS 161.485(2) did not apply. 260 Or App at 228.

Our instant case deals with only attempted assault convictions, involving a single course of conduct, which distinguishes it from all of the cases that the state cites and brings it within the purview of ORS 161.485(2). For the reasons discussed above, Counts 20 (attempted assault in the third degree) and 16 (attempted assault in the second degree with a firearm) should have merged with Count 13 (attempted assault in the first degree with a firearm).

We may correct an unpreserved error as plain error if "(1) the error is one of law; (2) the error is apparent, that is *** obvious, not reasonably in dispute; and (3) the error appears on the face of the record," and we need "not go outside the record to select among competing inferences to find it." *State v. Loving*, 290 Or App 805, 809, 417 P3d 470 (2018) (internal quotation marks omitted). Here, all conditions are satisfied. First, whether guilty verdicts merge is a legal question. *Id.* Second, the error is obvious and not reasonably in dispute, because ORS 161.485(2) bars multiple convictions if a defendant's attempt offenses stem from conduct designed to culminate in the same crime; here, all of defendant's attempted assault offenses are from defendant's act of firing his weapon at one victim, designed to culminate in a single assault. *See State v. Ferguson*, 276 Or App 267, 274, 367 P3d 551 (2016) (correcting the trial court's error in failing to merge guilty verdicts in a plain error posture). Third, the error is apparent on the face of the record, and we need

not select competing inferences to identify the error. *Loving*, 290 Or App at 809.

Having concluded that the trial court plainly erred, we must determine whether we should exercise our discretion to correct the error. The factors that we consider in exercising our discretion include "the competing interests of the parties; * * * the gravity of the error; [and] the ends of justice in the particular case." *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1992). Those considerations weigh in favor of exercising our discretion. The error is grave because, as we explained in similar cases, "the presence of an additional * * * conviction on defendant's criminal record misstates the nature and extent of defendant's conduct and could have significant implications with regard to any future calculation of" defendant's criminal history. *State v. Valladares-Juarez*, 219 Or App 561, 564, 184 P3d 1131 (2008) (so stating with regard to a kidnapping conviction). Additionally, "although the state may have an interest in avoiding unnecessary proceedings on remand, it has no interest in convicting a defendant twice for the same crime." *State v. Steltz*, 259 Or App 212, 221, 313 P3d 312 (2013), *rev den*, 354 Or 840 (2014). Lastly, "the ends of justice would be served by ensuring that defendant's criminal record is an accurate reflection of the crimes for which he was convicted." *State v. Newmann*, 278 Or App 675, 682, 375 P3d 551 (2016). Accordingly, Counts 16 (attempted second-degree assault with a firearm) and 20 (attempted third degree assault) should merge with Count 13 (attempted first degree assault with a firearm).

In defendant's second assignment of error, he contends that the trial court erroneously relied on our decision in *Burris* in declining to merge Count 6 (second-degree robbery with a firearm) with Count 2 (first-degree robbery with a firearm), ORS 164.405(1)(a), (b).

As noted above, we review the decision of whether to merge verdicts for legal error. *Burris*, 270 Or App at 519. ORS 161.067(1), the antimerger statute, provides that guilty verdicts may not merge if "the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not."

We begin by discussing our holding in *Burris* upon which the trial court relied. There, the defendant "drew a gun \*\*\* and pointed it at [the victim] without saying anything," while his partner told the victim "to empty his pockets." *Id.* at 514. For that conduct, the defendant was convicted of first-degree robbery with a firearm, ORS 164.415. *Id.* He was also convicted of two counts of second-degree robbery, ORS 164.405(1)(a), (b). *Id.* ORS 164.405(1)(a) defines the offense of second-degree robbery when a defendant is "armed with what purported to be a deadly and dangerous weapon," and ORS 164.405(1)(b) defines the offense of second-degree robbery when a defendant is "aided by another person actually present." *Id.* at 515. Both crimes were charged with an aggravating firearm enhancement under ORS 161.610, meaning that the state had to prove that the defendant used or threatened to use a firearm in the commission of a felony. *Id.* at 518. On appeal, the defendant argued that the firearm enhancement should cause the first- and second-degree robbery verdicts that involved a firearm to merge "down" into the second-degree guilty verdict for robbery that did not involve a firearm (the verdict for being aided by another person present). According to the defendant, the addition of the firearm enhancement meant that "the weapon-related elements of the two offenses become equivalent" such that only the "aided by another person present" element of second-degree robbery was "unique." *Id.* at 518-19.

We rejected that argument, concluding that all elements of the weapons-related robbery verdicts were not equivalent. Specifically, first-degree robbery's element of being "armed with a deadly weapon" requires that the weapon be "presently capable" of firing whereas second-degree robbery's element of representing that one is armed with "what purports to be a dangerous or deadly weapon" does not. *Id.* at 520. Because first-degree robbery contains the "presently capable" element and second-degree robbery does not, we concluded that a guilty verdict for first-degree robbery cannot merge "down" into the guilty verdict for second-degree robbery. In so holding, we acknowledged that the reverse—that the guilty verdicts would be barred from merging "up" into first-degree robbery—might not be true: "Although an argument might be made that second-degree

robbery with an apparent weapon should merge with first-degree robbery, that is not our question here." *Id*.

This case presents the question left unresolved in *Burris*. Defendant contends that the elements in second degree robbery with a firearm (Count 6) are subsumed in the first-degree robbery with a firearm (Count 2), such that those counts should merge "up" into first-degree robbery. We agree.

The parties do not dispute that the only difference between first-degree robbery in Count 2 and second-degree robbery in Count 6 is that first-degree robbery requires that the defendant be "armed with a deadly weapon" whereas second degree robbery requires that defendant represents that he is armed with what "purports to be a dangerous or deadly weapon." ORS 164.405(1)(a); ORS 164.415(1)(a). As *Burris* explains, the difference between those two counts for merger analysis is that first-degree robbery requires *more* than second-degree robbery, preventing a downward merger into second-degree robbery. Here, defendant was convicted in Count 2 of committing first-degree robbery while armed with a deadly weapon (a firearm presently capable of firing), subsuming the "purporting to be armed with a dangerous or deadly weapon" element of second-degree robbery alleged in Count 6. Put differently, the elements of second-degree robbery in Count 6 lack any distinctive element from the elements of first-degree robbery in Count 2, requiring a merger of the guilty verdicts. *See* ORS 161.067(1) (merger of guilty verdicts are precluded only if "the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that others do not").

The state argues that the offenses cannot merge, because a different count of second-degree robbery, Count 7, contains the unique element of committing robbery while "aided by another." However, the trial court merged the second-degree robbery verdict contained in Count 7 into Count 6 creating a single conviction for second-degree robbery. *See State v. White*, 346 Or 275, 288-91, 211 P3d 248 (2009) (concluding that the trial court erred in failing to merge the guilty verdicts for two counts of second-degree robbery, ORS 164.405(1)(a) (robbery while purporting to be

armed with a dangerous weapon) and ORS 164.405(1)(b) (robbery when aided by the actual presence of another person), because the legislature intended subsections (a) and (b) to "create[] a single crime of second-degree robbery"). The state cites no authority for the proposition that the elements of Count 7 remain in Count 6, the single conviction of robbery, for the purposes of a merger analysis, therefore, we do not resolve that question. On these facts, nothing precludes merger of Count 6 into Count 2 because Count 6 lacks any distinctive element not contained in Count 2 and vice versa. Accordingly, the trial court erred by not merging Count 6 (robbery in the second-degree with a firearm) with Count 2 (robbery in the first-degree with a firearm).

In his third, fourth, and fifth assignments of error, defendant argues that the trial court plainly erred by accepting the jury's verdict on his robbery and unlawful use of a weapon convictions, because the evidence was insufficient to prove that defendant committed those offenses using a firearm. Defendant contends that because he used a shovel rather than the firearm while inside the trailer, "the jury could not *** extend the duration of the robbery" to when defendant left the trailer and fired two shots at O. Defendant acknowledges that the argument is not preserved, and he requests that we review for plain error. As noted, an error is plain when, among other things, it is "obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013).

In this case, any error is not obvious on this record. Nothing in the jury instructions or the state's arguments restricted the jury to solely determining whether defendant's wielding of the shovel inside the trailer—as opposed to defendant firing two gunshots at O while outside the trailer—constituted the robbery counts and the unlawful use of a weapon counts. Indeed, as the trial court observed, the jury could have interpreted the evidence to "believe [defendant's] act of picking up the gun, going after [O], shooting at [O], was" first-degree robbery. Accordingly, any error is not plain.

Defendant submits three additional *pro se* assignments of error. In his first assignment of error, as we understand it, defendant contends that the trial was mired with prosecutorial misconduct. Defendant contends that, absent "unlawful tactics or evidence" from the prosecution, he could not have been convicted beyond a reasonable doubt, because "[t]here was no physical evidence *** [or] direct evidence linking" him to the offenses, and the state relied only on "testimonial" evidence. He argues that the prosecution's "unlawful tactics or evidence" included a letter from a state's witness expressing reluctance to testify, the grant of immunity to the codefendant in exchange for his testimony and the use of "hours of irrelevant videos that contained hours of inadmissible testimony." As defendant acknowledges, those arguments are not preserved, but he asks us to review for plain error. Reviewing for plain error, we conclude that any errors are not obvious or appearing on the face of the record. A witness's reluctance to testify or a grant of immunity in exchange for testimony does not render that testimony inadmissible, and defense counsel did impeach both witnesses on those bases. Lastly, the record does not indicate any error involving the admission of video evidence, much of which was edited consistently with the defense's request.

In his second *pro se* assignment of error, defendant argues that the trial court erred by providing an inadmissible video to the jury during its deliberations. However, defendant did not raise that objection below and, there is nothing in the record to suggest that the jury was provided that the unredacted video. Consequently, his purported claim is unsupported on this record and not subject to plain error.

In his last *pro se* assignment of error, defendant argues that the trial court erred by denying his motion for judgment of acquittal (MJOA). At trial, the court denied defendant's MJOA on all counts. On appeal, defendant contends that (1) "no direct evidence" linked him to the offenses; (2) the state presented "insufficient evidence to establish that his conduct caused physical injury to the victim" because his actions did not cause any physical injury; and (3) he did not possess the firearm during the commission of first-degree

robbery—reciting a similar argument that was addressed in assignments of error three, four, and five above. After reviewing the record, we find no error.

Convictions on Counts 16 (attempted second-degree assault with a firearm) and 20 (attempted third-degree assault) reversed and remanded for entry of a single conviction on Count 13 (attempted first-degree assault with a firearm); conviction on Count 6 (second-degree robbery with a firearm) reversed and remanded for entry of a single conviction on Count 2 (first-degree robbery with a firearm); remanded for resentencing; otherwise affirmed.